## STATE v. JOSEPH B. BRONZIN.

113 N. W. (2d) 350.

February 2, 1962—No. 38,362.

*Friedman & Friedman,* for appellant.

*Harry E. Weinberg,* City Attorney, and *Harold J. Dahl,* Assistant City Attorney, for respondent.

MAGNEY, COMMISSIONER.

Two complaints were filed in the municipal court of the city of Duluth. One charged defendant, Joseph B. Bronzin, with selling insurance without a license contrary to Minn. St. 60.64; the other charged him with petit larceny. Under agreement, the cases were tried together. The jury found him guilty on both charges. Defendant appeals from the judgment duly entered.

On August 8, 1958, defendant sold a hospitalization insurance policy to one Gordon H. Disch and issued a receipt to Disch in behalf of Time Insurance Company for $49.45 and signed it, "Authorized Repre-

sentative Joseph B. Bronzin." The $49.45 represented the first quarterly premium. No policy was ever delivered to Disch. Up to the time of trial, more than 2 years later, the $49.45 had not been returned to Disch. Defendant had no license to act as agent for Time Insurance Company and was charged with selling insurance without a license. Since no policy was delivered to Disch and the $49.45 was not returned, defendant was charged with petit larceny. The evidence fully supports the verdicts in both cases.

Defendant contends, however, that he did not receive a fair trial because of the trial court's prejudicial attitude and questions. While on the witness stand, defendant testified:

"Mr. Disch never gave me any indication in these two years that I ever owed him a penny."

The court then proceeded to cross-examine him as follows:

"The Court: Did you ever make any attempt to return his money?
"Witness: Well, I believed that the company settled with him.
"The Court: But you did not make any inquiry, did you?
"Witness: Well, I had no recollection of him.
"The Court: It was your duty to return it—
"Mr. Friedman: Your Honor, he said he had no recollection.
"The Court: Well, I am asking him now.
"Witness: If I had records, your Honor, that I owed him this money I would have rushed out there.
"The Court: Well, go ahead.
"Witness: —and paid that $46, if I had known—
"The Court: Did you assume that it was his duty to come and get that money?
"Witness: No, I never felt that.
"The Court: But you never made any attempt to return it, did you?
"Witness: I had no record I owed him this money.

*   *   *   *   *

"The Court [to counsel for the state]: He has had two years to return it—isn't that the question?"

Any defendant is entitled to a fair trial, even if the evidence against

him is strong and his own testimony weak and evasive. This court is of the opinion that the questioning by the court was so prejudicial that a new trial must be granted in the petit larceny case.

As to the charge of selling insurance without a license, counsel for defendant admitted in court that Bronzin did not have a license and never had a license to act as agent for Time Insurance Company. Defendant himself admitted on the witness stand that he had no license from the state to sell insurance for Time Insurance Company—virtually an admission of guilt. The prejudicial procedure in connection with the charge of petit larceny could, under the above-stated admissions, have little or no bearing on the jury's verdict in connection with the charge of selling insurance without a license.

Judgment reversed as to conviction for petit larceny and new trial granted. Judgment affirmed as to conviction for selling insurance without a license.

MR. CHIEF JUSTICE DELL took no part in the consideration or decision of this case.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.